STATE OF MAINE *vs.* INHABITANTS OF SWANVILLE.

⁻ Waldo.    Opinion September 28, 1905.

*Highways.    Towns.    Guide-posts.    R. S., c. 23, § 91.*

The statute, R. S., chapter 23, section 91, imposing a penalty upon towns for not maintaining guide-posts at junctions and crossings of highways, includes only roads leading from town to town. Roads wholly within a town and merely leading into or connecting such highways are not within the statute, and towns are not obliged to maintain guide-posts where such roads enter highways.

On report.    Judgment for defendant.

Indictment against the defendant town for failing to erect and maintain guide-posts as required by Revised Statutes, chapter 23, section 91. After the evidence had been taken out in the court of the first instance, the presiding Justice ordered the case to be reported to the Law Court for determination "upon so much of the evidence as is legally admissible."

The facts are fully stated in the opinion.

*B. F. Foster*, County Attorney, for the state.

*R. F. Dunton*, for defendant town.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

EMERY, J. The defendant town was indicted for violation of R. S., ch. 23, sec. 91, providing that "Towns shall erect and maintain at all crossings of highways, and where one public highway enters another, substantial guide-posts . . . on which shall be plainly printed . . . the name of the next town on the route."

The facts found from the evidence are these: There are two nearly parallel public highways leading from Belfast, through the defendant town Swanville, to Monroe. At one place in Swanville there is a cross road from one of these highways to the other, This cross road

is wholly within Swanville and simply goes across country from one highway to the other, without crossing either. The town did not erect the statutory guide-post at either end of this cross road.

The case proved is not within the statute. Statutory "highways" are those leading from town to town. Local or cross roads wholly within one town are not within that term. In this case the locus was not at a "crossing of highways" nor where "one public highway enters another."

*Judgment for defendant.*